UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY FSB, D/B/A CHRISIANA TRUST NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR BANTAM FUNDING TRUST 2018-1<br>　　　　Plaintiff,<br><br>v.<br><br>MARK D. TOURGEE, AS ADMINSTRATOR OF THE ESTATE OF ZACHARY C. CARR,<br><br>　　　　Defendants,<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC; ASSET ACCEPTANCE, LLC; MIDLAND FUNDING, LLC; UNITED STATES OF AMERICA and STATE OF RHODE ISLAND DIVISION OF TAXATION,<br><br>　　　　Defendants/Parties-in-Interest. | CASE NO: |

## COMPLAINT TO FORECLOSE MORTGAGE

### INTRODUCTION

Plaintiff, Wilmington Savings Fund Society FSB D/B/A Christiana Trust not in its individual capacity but solely as Trustee for Bantam Funding Trust 2018-1 ("Wilmington) brings this action to foreclose a mortgage given by Zachary C. Carr ("Mr. Carr") encumbering property at 16 South Glen Drive, Coventry, RI 02816 ("Property"). The mortgage loan is in default and Wilmington seeks an order allowing it to foreclose its mortgage by following the procedures set forth in the statutory power of sale.

1

## PARTIES

1. The Plaintiff, Wilmington, has an address of 237 W 35th Street 1002, New York, NY 10001.  Planet Home Lending is servicing the loan on behalf of Wilmington.

2. The Defendant, Mark D. Tourgee, is the Administrator of the Estate of Zachary C. Carr pursuant to an Order of the Probate Court for the Town of Coventry (Estate No. 10211). Mr. Tourgee's address is 1500 Nooseneck Hill Road, Coventry, RI 02816.

3. The Defendant/Party-in-Interest, Portfolio Recovery Associates, LLC ("Portfolio"), is, upon information and belief, a foreign limited liability company with principal business address of 120 Corporate Boulevard, Suite 100, Norfolk, VA 23502.  Upon information and belief, its registered agent in the State of Rhode Island is Corporation Service Company ("CSC"), whose address is 222 Jefferson Boulevard, Suite 200, Warwick, RI 02888.

4. The Defendant/Party-in-Interest, Asset Acceptance, LLC ("Asset"), is, upon information and belief, a foreign limited liability company with principal business address of 320 E. Big Beaver Road, Suite 300, Troy, MI 48083. Upon information and belief, its registered agent in the State of Rhode Island is Corporation Service Company ("CSC"), whose address is 222 Jefferson Boulevard, Suite 200, Warwick, RI 02888.

5. The Defendant/Party-in-Interest, Midland Funding, LLC ("Midland"), is, upon information and belief, a foreign limited liability company with principal business address of 3111 Camino Del Rio N., Suite 103, San Diego, CA 92108. Upon information and belief, its registered agent in the State of Rhode Island is Corporation Service Company ("CSC"), whose address is 222 Jefferson Boulevard, Suite 200, Warwick, RI 02888.

6. The Defendant/Party-In-Interest, Rhode Island Division of Taxation, is an agency of the State of Rhode Island with a mailing address of 1 Capitol Hill, Providence, RI 02908.

7. The Defendant United States of America has pertinent offices at:

   a. United States of America, Internal Revenue Service – Estate Tax Dept.
      c/o United states Attorney for the District of Rhode Island
      50 Kennedy Plaza
      Providence, RI 02903

   b. U.S. Department of Justice
      Tax Division
      Ben Franklin Station
      Washington, DC 20044

   c. Internal Revenue Service
      Advisory Group Manager
      380 Westminster St, 4th Floor
      Providence, RI 02903.

## JURISDICTION AND VENUE

1. The Court has original jurisdiction over this action involving Wilmington's right, title and interest in the subject property pursuant to 28 U.S.C. § 1332(a)(1) since there is complete diversity between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000.00.

2. Venue is proper under 28 U.S.C. § 1391(b)(2) since the real property that is the subject of this Complaint is situated in Rhode Island.

3. This action seeks to foreclose a mortgage pursuant to R.I.G.L. § 34-27-1, *et. seq.*

## FACTS

1. On or about June 20, 2007, Mr. Carr acquired title to the Property by Warranty Deed recorded with the Town of Coventry Land Evidence Records ("Land Records") at Book 1780, Page 894. A true and accurate copy of the Deed is attached as **Exhibit A**.

2. On August 21, 2007, Mr. Carr executed an Adjustable Rate Note ("Note") in favor of First Franklin Financial Corp., an Op. Sub. of MLB&T Co., FSB ("First Franklin"), in the original principal amount of $136,000.00.  A true and accurate copy of the Note is attached as **Exhibit B**[1]**.**

3. The Note was subsequently endorsed in blank and it is currently held by the Plaintiff. *See* **Exhibit B.**

4. To secure payment of the Note, on August 21, 2007, Mr. Carr granted a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for First Franklin encumbering the Property.  The mortgage was recorded with the Land Records at Book 1780, Page 896 ("Mortgage").  A true and accurate redacted copy of the Mortgage is attached as **Exhibit C**.

5. On January 23, 2013, MERS assigned the Mortgage to Bayview Loan Servicing, LLC ("Bayview") by assignment recorded with the Land Records at Book 1947, Page 931.  A true and accurate redacted copy of this Assignment is attached as **Exhibit D**.

6. On January 22, 2016, Bayview assigned the Mortgage to Bayview Dispositions, LLC ("Bayview Dispositions") by assignment recorded with the Land Records at Book 2034, Page 554. A true and accurate redacted copy of this assignment is attached as **Exhibit E**.

7. On January 27, 2016, Bayview Dispositions assigned the Mortgage to MTGLQ Investors, LP ("MTGLQ") by assignment recorded with the Land Records at Book 2034, Page 555.  A true and accurate redacted copy of this assignment is attached as **Exhibit F**.

8. On January 8, 2019, MTGLQ assigned the Mortgage to U.S. Bank Trust National Association, as Trustee of the Chalet Series III Trust ("Chalet") by assignment recorded

---

[1] For privacy reasons, the loan number and any other potential personal identifiable information (i.e. social security numbers, account numbers, etc.) appearing on the loan documents have been redacted.

with the Land Records at Book 2121, Page 861.   A true and accurate redacted copy of this assignment is attached as **Exhibit G.**

9. On March 26, 2019, Chalet assigned the Mortgage to U.S. Bank Trust National Association, as Trustee of the Ledge Series III Trust ("Lodge") by assignment recorded with the Land Records at Book 2126, Page 497.   A true and accurate redacted copy of this assignment is attached as **Exhibit H**.

10. On May 11, 2020, Lodge assigned the Mortgage to Wilmington by assignment recorded with the Land Records at Book 2173, Page 299,   A true and accurate redacted copy of this assignment is attached as **Exhibit I**

11. On February 18, 2015, Mr. Carr passed away. A true and accurate redacted copy of Mr. Carr's death certificate is attached as **Exhibit J**.

12. Mr. Carr's Estate has been probated with the Probate Court for the Town of Coventry as Estate No. 10211.   Mark D. Tourgee, Esq. has been appointed as Administrator of the Estate.   A true and accurate copy of Mr. Tourgee's Certificate of Appointment from the Probate Court, is attached as **Exhibit K**.

13. The Town of Coventry Land Evidence Records show that the following parties hold liens against the Property that are subordinate to Wilmington's Mortgage:

    A. Portfolio Recovery Assoc. is the holder of an execution against Mr. Carr in the amount of $7,996.86 as recorded with the Land Evidence Records in Book 1978, Page 151. A true and accurate copy of this execution is attached as **Exhibit L**.

    B. Asset Acceptance LLC is the holder of an execution against Mr. Carr in the amount of $1,442.01 as recorded with the Land Evidence Records in Book 1987, Page 284. A true and accurate copy of this execution is attached as **Exhibit M**.

    C.  Midland Funding, LLC is the holder of an execution against Mr. Carr in the amount of $1,955.16 as recorded with the Land Evidence Records in Book 1994, Page 927. A true and accurate copy of this execution is attached as **Exhibit N**.

    D.  The Rhode Island Division of Taxation and United States of America (Internal Revenue Service) may hold possible estate tax lien(s) (if any) resulting death of Mr. Carr.  No releases of any federal or state estate tax lien(s) have been recorded with the Land Evidence Records, so it cannot be determined whether such liens exist

14. Mr. Carr and his Estate defaulted under the terms of the mortgage loan by failing to make the agreed monthly payments. The mortgage loan remains past due for the May 1, 2014 payment, and all subsequent payments.

15. On October 13, 2017, Plaintiff's counsel sent Notices of Default and Intent to Accelerate ("NOD") to Mr. Carr's Estate, to inform it of his default, the action that must be taken to cure the default and the intent to accelerate the loan if the default was not cured. True and accurate copies of the NOD are attached as **Exhibit O.**

16. The default has not been cured.

17. On December 8, 2017, Plaintiff's counsel mailed notices of Acceleration to Mr. Carr's Estate.  True and accurate copies of these Notices are attached as **Exhibit P.**

18. The Mortgage contains a provision providing for foreclosure by statutory power of sale. *See* **Exhibit C** at ¶ 22.

19. All conditions precedent to acceleration and foreclosure have been fulfilled or have occurred.

## COUNT I – DECREE AUTHORIZING FORECLOSURE, BARRING THE RIGHT TO REDEEM AND VESTING TITLE IN THE SUCCESSFUL PURCHASER

20. Wilmington restates and incorporates the allegations set forth in the preceding paragraphs.

21. Wilmington seeks a decree from this Court, pursuant to R.I.G.L. § 34-27-1, determining that Mr. Carr's Estate is in default of its obligations under the terms of the Mortgage and Wilmington and its successors and/or assigns may foreclose the Mortgage by following the procedures set forth in R.I.G.L. § 34-27-4.

22. Upon completion of the foreclosure auction, Wilmington seeks an order from this Court vesting title in the successful purchaser or its successors and assigns, free and clear of any right to redeem the mortgage and free and clear of any subordinate interests in the Property.

## COUNT II – DECLARATORY JUDGMENT

23. Wilmington restates and incorporates the allegations set forth in the preceding paragraphs.

24. Wilmington seeks a declaratory judgment that: a) Wilmington is the holder of the Mortgage, b) Mr. Carr's Estate is in default of its obligations under the terms of the Mortgage, c) Wilmington and its successors and/or assigns may foreclose the Mortgage by following the procedures set forth in R.I.G.L. § 34-27-4 and d) that title to the Property shall be vested in the successful purchaser or its successors and assigns free and clear of any right to redeem the mortgage and free and clear of any subordinate interests in the Property.

**WHEREFORE,** the Plaintiff, Wilmington Savings Fund Society FSB D/B/A Christiana Trust not in its individual capacity but solely as Trustee for Bantam Funding Trust 2018-1 respectfully requests that this Court:

1. Issue an Order declaring that Wilmington is the holder of the Mortgage and Mr. Carr's Estate is in default of its obligations under the terms of the Mortgage.
2. Issue an Order allowing Wilmington, its successors and/or assigns, to foreclose the equity of redemption in the mortgaged Property by following the procedure for statutory power of sale as set forth in R.I.G.L. § 34-27-4, as well as any other procedures that the Court deems appropriate under the circumstances.
3. Issue an Order requiring Wilmington, its successors and/or assigns, to file a report of sale for confirmation by the Court.
4. Issue an Order or Judgment declaring that any right of redemption of Mr. Carr's Estate is foreclosed and that the title to the Property is quieted in the name of the successful purchaser free and clear of any right to redeem the mortgage and free and clear from any rights, title or interests in the Property by any of the Defendants.
5. Grant Wilmington such additional legal and equitable relief that the Court deems just and appropriate under the circumstances.

                                              Respectfully submitted,
                                              **WILMINGTON SAVINGS FUND SOCIETY FSB D/B/A CHRISTIANA TRUST NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR BANTAM FUNDING TRUST 2018-1**
                                              By its attorney,

                                              ***/s/ Thomas J. Santolucito***
                                              Thomas J. Santolucito, Esq. # 8322
                                              Harmon Law Offices, P.C.
                                              150 California Street
                                              Newton, MA 02458
                                              Direct: (617) 558-6199
                                              Fax: (617) 244-7304
Dated: May 26, 2021                          tsantolucito@harmonlaw.com